# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDY T. WILLIAMSON, ) | |
| ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 19-2506-KHV |
| ) | |
| UNITED PARCEL SERVICE, INC., et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Andy T. Williamson brings suit pro se against the United Parcel Service, Inc. ("UPS"), Chris Gay[1] and Chris Verbeck, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and discrimination, retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Complaint (Doc. #1) filed August 22, 2019. This matter comes before the Court on Defendants United Parcel Service, Inc. And Chris Verbeck's Partial Motion To Dismiss (Doc. #11) filed October 24, 2019. For reasons stated below, the Court sustains defendants' motion in part.

## Factual Background

Highly summarized, plaintiff's complaint alleges as follows:

Plaintiff is an employee at a UPS store in Lenexa, Kansas where Chris Gay and Chris

---

[1] Defendants assert that Gay is recently deceased. See Suggestion Of Death Of Defendant Chris Gay (Doc. #16) filed November 14, 2019.

Verbeck are managers.  Plaintiff has depression and anxiety.

At some point before June of 2017, he took time off because of ongoing harassment from managers.  When he returned to work in June of 2017 and sought to use FMLA leave benefits, his work conditions became very negative.  Gay threatened to give his work to other employees and attempted to get him fired by incorrectly recording his time off and falsely accusing him of failing to communicate regarding his attendance.  Verbeck and another manager reduced the schedule flexibility that plaintiff previously had and Verbeck threatened to discipline him for taking FMLA leave.  Although UPS allowed other employees to take sick days, Verbeck recorded plaintiff's missed days as vacation days and human resources refused to pay him for them.

At some point, plaintiff sought accommodations for his disability under the ADA, but UPS managers and the human resources department interfered with his request by falsifying his job responsibilities.

On April 2, 2018 and February 8, 2019, plaintiff filed complaints with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC").[2]  After Gay discovered that plaintiff had complained to the EEOC, he threatened plaintiff's life on two occasions.

On August 22, 2019, plaintiff filed this complaint, alleging discrimination based on race,

---

[2]  Plaintiff asserts that he filed EEOC and KHRC complaints in March of 2018, January of 2019 and February of 2019.  Complaint (Doc. #1) at 2.  The record indicates that plaintiff filed complaints on April 2, 2018 and February 8, 2019.  See Exhibit A to Memorandum In Support Of Defendants Untied Parcel Service, Inc. And Chris Verbeck's Partial Motion To Dismiss (Doc. #12) filed October 24, 2019 (plaintiff's EEOC charge dated April 2, 2018); see also Exhibit A to Plaintiff's Response In Opposition To Defendants' Motion To Dismiss (Doc. #17) filed November 15, 2019 (plaintiff's KHRC charge dated February 8, 2019).  Neither party has filed plaintiff's EEOC or KHRC complaint dated January of 2019.

disability (i.e., depression and anxiety), religion (i.e., "Non-Christian Freeman"), use of FMLA benefits and filing complaints. Plaintiff did not include with his complaint a copy of his Notice of Right-to-Sue Letter or any charges that he filed with the EEOC or KHRC.

On October 24, 2019, defendants filed an answer denying plaintiff's claims and a partial motion to dismiss. Specifically, defendants assert that (1) as to his claims against Verbeck, individuals cannot be liable under Title VII and the ADA and plaintiff therefore failed to state a claim upon which relief may be granted and, (2) as to his claim of discrimination based on religion, plaintiff failed to exhaust administrative remedies and the Court therefore lacks jurisdiction. In support of their motion, defendants attach plaintiff's EEOC and KHRC charge dated April 2, 2018 and his Notice of Right-to-Sue dated May 24, 2019. See Memorandum In Support Of Defendants Untied Parcel Service, Inc. And Chris Verbeck's Partial Motion To Dismiss (Doc. #12) filed October 24, 2019. In his charge of April 2, 2018, plaintiff did not check the box for discrimination based on religion. For reasons which are not explained – but need to be explained – defendants fail to attach or cite plaintiff's EEOC and KHRC charge dated February 8, 2019, which does check that box.

In response, plaintiff concedes that a supervisor cannot be personally liable under Title VII or the ADA, but states that Verbeck and Gay are managers – not supervisors. As to defendants' motion to dismiss his claim of religious discrimination, plaintiff requests – in one sentence – that the Court deny the motion. Plaintiff attaches as exhibits his KHRC charge dated February 8, 2019 and his Notice of Right-to-Sue dated May 24, 2019. See Plaintiff's Response In Opposition To Defendants' Motion To Dismiss (Doc. #17) filed November 15, 2019. In his charge of February 8, 2019, plaintiff did check the box for discrimination based on religion.

## Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679. The Court need not accept as true those allegations which state only legal conclusions. See id.

Plaintiff bears the burden of framing his claim with enough factual matter to suggest that he is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendants are liable for the misconduct he alleges. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679.

When ruling on a Rule 12(b)(6) motion, the Court does not analyze potential evidence that the parties might produce or resolve factual disputes. Jacobsen v. Deseret Book Co., 287 F.3d

936, 941 (10th Cir. 2002). The Court accepts well-pleaded allegations as true and views them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In addition to the complaint, however, the Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting Jacobsen, 297 F.3d at 941).

Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, does not assume the role of advocate for a pro se litigant. See id.

## Analysis

### I. Title VII And ADA Claims Against Verbeck

Pursuant to Rule 12(b)(6), defendants seek dismissal of plaintiff's Title VII and ADA claims against Verbeck for failure to state a claim. Specifically, defendants assert that plaintiff has not stated a legally cognizable claim against Verbeck in her personal capacity because Title VII and the ADA do not provide a cause of action against individuals.

Here, plaintiff named Verbeck as a defendant in her individual capacity. Title VII and the ADA prohibit "employers" from discriminating on a variety of grounds but do not create a cause of action against persons who are not "employers."[3] Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996) (no personal capacity suits under Title VII); Butler v. City of Prairie Village, 172 F.3d 736,

---

[3] In relevant part, Title VII and the ADA define an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. §§ 2000e(b), 12111(5)(A).

-5-

744 (10th Cir. 1999) (no personal capacity suits under ADA). Plaintiff has not alleged that Verbeck is an "employer" or regulated entity for purposes of Title VII or the ADA. The Court therefore dismisses plaintiff's Title VII and ADA claims against Verbeck for failure to state a claim.

## II.     Religious Discrimination Claim

Defendants seek to dismiss plaintiff's religious discrimination claim. Specifically, they assert that plaintiff did not exhaust administrative remedies because in his EEOC charge dated April 2, 2018, he did not check the box for religious discrimination. They assert that exhaustion is a jurisdictional prerequisite and that the Court must therefore dismiss plaintiff's religious discrimination claim for lack of subject matter jurisdiction. Under Tenth Circuit precedent, this argument is without merit, if not entirely frivolous. Prior to Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1182-85 (10th Cir. 2018), courts in the Tenth Circuit treated failure to exhaust administrative remedies as a jurisdictional issue under Rule 12(b)(1). In Lincoln, the Tenth Circuit overruled prior caselaw and held that a plaintiff's failure to exhaust administrative remedies is not jurisdictional. Thus, for more than a year, failure to exhaust administrative remedies has been a non-jurisdictional condition precedent to suit, that is, an affirmative defense under Rule 12(b)(6). See id.; Beecham v. JC Penney Distribution Ctr., No. 18-02648-CM, 2019 WL 2924842, at *1 (D. Kan. July 8, 2019). Accordingly, the Court overrules defendants' motion to dismiss for lack of subject matter jurisdiction.

## Conclusion

**IT IS THERFORE ORDERED** that Defendants United Parcel Service, Inc. And Chris Verbeck's Partial Motion To Dismiss (Doc. #11) filed October 24, 2019 is **SUSTAINED in part.** Pursuant to Rule 12(b)(6), the Court dismisses plaintiff's claims against Chris Verbeck under

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Defendants' motion is otherwise overruled.

Dated this 3rd day of February, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge