# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDY WILLIAMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 19-cv-2506-KHV-TJJ |
| | ) |
| | ) |
| United Parcel Service, Inc., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify Complaint (ECF No. 32). Plaintiff seeks to amend his Complaint to name four additional individuals as Defendants, and to modify both the factual allegations and the requested relief. Defendants oppose the motion.[1] For the reasons set forth below, the Court will deny the motion in part and grant it in part.

## Background

Plaintiff, proceeding pro se, filed this employment discrimination action alleging that Defendants unlawfully discriminated and retaliated against him on the basis of (1) race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and (2) disability in violation of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff also alleges Defendants interfered with and retaliated for his use of benefits pursuant to the Family and Medical Leave Act ("FMLA"). Defendants United Parcel Service, Inc. and Chris Verbeck responded to the Complaint by filing a Partial Motion to Dismiss.[2] The motion asks the Court to

---

[1] Plaintiff did not file a reply in support of his motion.

[2] ECF No. 11. Defendants assert that Defendant Gay is deceased. *See* Suggestion of Death of

(1) dismiss Plaintiff's claims for discrimination on the basis of religion against all Defendants pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff failed to exhaust his remedies with respect to this claim, and (2) dismiss Plaintiff's Title VII and ADA claims against Defendant Verbeck on the basis that she is not liable under these statutes in her individual capacity, and Plaintiff therefore failed to state a cognizable claim against her. Defendants filed an Answer to the remaining claims.[3]

Plaintiff then filed this motion to amend, seeking to add Michael Schumacher, Derek Sizemore, Jason Roy, and Micah Blunt as Defendants. Plaintiff alleges all are management employees of United Parcel Service, Inc., and were directly involved in the claims Plaintiff alleges in his original Complaint. Plaintiff also seeks to add factual allegations concerning Defendant Chris Verbeck, and to request additional categories of relief.

After Plaintiff filed this motion, District Judge Kathryn H. Vratil ruled on Defendants' Partial Motion to Dismiss. Judge Vratil granted the motion in part, dismissing Plaintiff's Title VII and ADA claims against Chris Verbeck for failure to state a claim upon which relief may be granted, ruling that neither statute creates a cause of action against persons who are not "employers," and Plaintiff does not allege that Chris Verbeck was his employer.[4] Judge Vratil overruled that portion of the motion which sought dismissal of Plaintiff's religious discrimination claim.[5]

---

Defendant Chris Gay (ECF No. 16).

[3] ECF No. 13.

[4] Memorandum and Order (ECF No. 36) at 5-6.

[5] *Id.* at 6.

2

## **Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) instructs that the court "should freely give leave when justice so requires."[6] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[9] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[10] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[11] It does not matter how likely or unlikely the party is to actually receive

---

[6] Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id*. (quoting *Foman*, 371 U.S. at 182).

[9] *Mochama v. Butler Cnty., KS*, No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[11] *Twombly*, 550 U.S. at 555.

such relief, because for the purposes of dismissal all allegations are considered to be true.[12] The party opposing the amendment has the burden of showing the proposed amendment is futile.[13]

District of Kansas Local Rule 15.1 requires the proposed amended pleading to be attached to any motion seeking leave to amend that pleading.[14]

**Analysis**

As Defendants point out, Plaintiff's motion does not comply with Local Rule 15.1 that requires the proposed amended complaint to be attached to the motion. Instead, the motion summarily states the modifications Plaintiff requests. Defendants acknowledge that Plaintiff filed his motion within the time allowed in the Scheduling Order.[15]

Defendants argue that the Court should deny Plaintiff's motion because he failed to attach his proposed Amended Complaint as required by Local Rule 15.1. The Court will not deny the motion on this basis. Because plaintiff proceeds pro se, the Court construes his motion liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.[16] But to fairly put Defendants on notice of and allow them to respond to Plaintiff's claims, Plaintiff

---

[12] *Id.* at 556.

[13] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[14] "A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must . . . attach the proposed pleading or other document." D. Kan. Local R. 15.1(a)(2).

[15] The deadline for the parties to file motions for leave to amend the pleadings was January 31, 2020. *See* Scheduling Order (ECF No. 22) at 2. Plaintiff filed his motion on January 27, 2020.

[16] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

will be required to prepare an Amended Complaint. If Plaintiff wishes to amend his current pleading, the Court will require Plaintiff to timely file an Amended Complaint that may include only the additional factual allegations and requested relief this order allows.

Defendants next argue that Plaintiff should not be allowed to name four new individuals as Defendants because he makes no allegations against them and, as Judge Vratil ruled, there is no individual liability under Title VII or the ADA for persons who are not "employers." As Judge Vratil wrote:

> Here, plaintiff named Verbeck as a defendant in her individual capacity. Title VII and the ADA prohibit "employers" from discriminating on a variety of grounds but do not create a cause of action against persons who are not "employers."[17] *Haynes v. Williams*, 88 F.3d 898 (10th Cir. 1996) (no personal capacity suits under Title VII); *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999) (no personal capacity suits under ADA). Plaintiff has not alleged that Verbeck is an "employer" or regulated entity for purposes of Title VII or the ADA. The Court therefore dismisses plaintiff's Title VII and ADA claims against Verbeck for failure to state a claim.

ECF No. 36 at 5-6. Because Plaintiff does not allege that any of the four individuals is an "employer" or regulated entity for purposes of Title VII or the ADA, adding them as Defendants on either claim would be futile. The Court will not grant Plaintiff leave to add Michael Schumacher, Derek Sizemore, Jason Roy, or Micah Blunt as Defendants.

Defendants also object to Plaintiff being allowed to assert additional allegations against Defendant Verbeck, arguing that they fail to state any adverse action or new claim against Defendant Verbeck. But Defendants do not complain that allowing Plaintiff to add these factual

---

[17] In relevant part, Title VII and the ADA define an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. §§ 2000e(b), 12111(5)(A).

allegations would cause undue delay or prejudice, that Plaintiff seeks the amendment in bad faith, or that adding the allegations would be futile. Under the applicable standard which directs the Court to freely grant leave to amend absent one of these obstacles, the Court finds that Plaintiff should be permitted to add the allegations set forth in his motion.

Finally, Defendants do not address Plaintiff's request to request additional types of relief. The Court will grant Plaintiff's motion to add the requested relief set forth in his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Modify Complaint (ECF No. 32) is granted in part and denied in part. The motion is granted to the extent that Plaintiff may amend his complaint to include the allegations set forth in paragraph 2 of his motion and the requested relief set forth in paragraph 3 of his motion. The motion is denied to the extent that Plaintiff will not be permitted to add Michael Schumacher, Derek Sizemore, Jason Roy, or Micah Blunt as Defendants.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this order, Plaintiff shall file an Amended Complaint that is identical to his original Complaint and adds only the language set forth in paragraphs 2 and 3 of his Motion to Modify Complaint. Plaintiff may do so by photocopying his original Complaint and attaching a new page with the added language.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, this 2nd day of April, 2020.

Teresa J. James
U. S. Magistrate Judge