## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANDY T. WILLIAMSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 19-cv-2506-KHV-TJJ** |
| ) | |
| **UNITED PARCEL SERVICE, INC.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant United Parcel Service, Inc.'s Motion to

Compel Discovery Responses and for Sanctions (ECF No. 57).   Pursuant to Fed. R. Civ. P.

37(a) and D. Kan. Rule 37.1, Defendant United Parcel Service, Inc. ("UPS") moves for an order

compelling Plaintiff to: (1) provide complete substantive amended and supplemental responses

to UPS's First Set of Interrogatories to Plaintiff and First Requests for Production of Documents

to Plaintiff in accordance with the Court's May 15, 2020 order; (2) execute the requested

authorizations; and (3) produce all remaining documents requested by UPS in its Requests for

Production of Documents, including the documents identified in Plaintiff's Initial Disclosures.

UPS asserts Plaintiff has waived all objections to the Interrogatories and Request for Production.

Finally, UPS asks the Court to impose sanctions against Plaintiff.[1]

I.      **Relevant Background**

Plaintiff proceeds in this case pro se. On February 28, 2020, UPS served Plaintiff with its

Interrogatories and Requests for Production. On April 2, 2020, having received no response,

counsel for UPS sent Plaintiff a golden rule letter requesting responses to the discovery or a

---

[1] The Court finds UPS attempted to confer in an attempt to resolve the issues in dispute
without court action, as required by Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

conference to discuss Plaintiff's failure to respond. On April 17, 2020, Plaintiff served responses

but produced no documents. On April 28 and May 6, 2020, defense counsel sent additional

emails to Plaintiff explaining perceived deficiencies in his responses and requesting complete

responses, but she received no reply. Defense counsel then contacted the undersigned Magistrate

Judge, who set a discovery conference for May 15, 2020.

During the May 15 conference, which lasted nearly two hours, the Court examined

virtually every discovery request, response, and objection, allowed the parties to be heard, and

explained to Plaintiff what would be required of him to properly respond to each interrogatory

and request for production of documents.[2]  In those instances where Plaintiff's response was

insufficient or his objections were not meritorious, because Plaintiff is pro se the Court gave

explicit direction on how he was required to supplement and/or amend his responses and whether

he was required to produce responsive documents. The Court directed Plaintiff to fully comply

by June 22, 2020, and extended until July 6, 2020 UPS's deadline to file a motion to compel.

Plaintiff provided nothing to UPS by June 22, 2020. The following day, defense counsel

inquired of him by email about his failure to comply with the Court's order. On June 30, 2020,

Plaintiff responded and said he was unable to answer certain interrogatories without UPS's

responses to his discovery (which he had served in June), and that he was awaiting needed

information he would receive the second week in August from another pending case. Plaintiff

provided no further explanation.

This timely motion followed. Defendant filed a response 20 days after the D. Kan. Rule

6.1(d)(1) deadline, which UPS urges the Court to consider as a waiver of his right to respond

---

[2]  Because the Court had no motion to compel before it, the Magistrate Judge explained that her
guidance and direction represented how she would rule if the same issues were presented in a
motion.

because Plaintiff failed to show excusable neglect for his untimeliness. On the previous day,

August 3, Plaintiff served supplemental interrogatory answers. He also produced nearly 4,000

images/pages and 17 recordings totaling more than 11 hours of what appears to UPS to be

surreptitious recordings of Defendant's employees that allegedly support Plaintiff's claims. The

documents and recordings are not organized by reference to any response or bates labeled. UPS

contends the supplemental answers are still incomplete and contain objections that are contrary

to the Court's directives during the May 15, 2020 conference.

In his response, Plaintiff also asks the Court to extend the discovery deadline.

## II.     Legal Standards

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery.   As

recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not
> be admissible in evidence to be discoverable.[3]

Considerations of both relevance and proportionality now govern the scope of discovery.[4]

Relevance is still to be "construed broadly to encompass any matter that bears on, or that

reasonably could lead to other matter that could bear on" any party's claim or defense.[5]

---

[3]  Fed. R. Civ. P. 26(b)(1).

[4]  *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[5]  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Information still "need not be admissible in evidence to be discoverable."[6]   The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[7]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[8]   Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations.   If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[9]   In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[11]   Relevancy determinations are generally made on a case-by-case basis.[12]

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Id.*

[9] *Id.*

[10] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[11] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[12] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011

A Scheduling Order may be amended only upon a showing of good cause.[13] "The 'good cause' standard primarily considers the diligence of the party. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[14] A party does not establish good cause by demonstrating lack of prejudice to the opposing party.[15]

### III.   Analysis

The Court first addresses Defendant's request to extend the discovery deadline before examining the issues raised in UPS's motion to compel.

#### A.   Plaintiff's request to extend the discovery deadline

Plaintiff asks the Court to extend discovery to "allow [him]to sufficiently respond to discovery requests and attain needed evidence to prevail justice." Plaintiff is actually asking the Court to reopen discovery, as the discovery deadline expired before he filed his response. Plaintiff reports he has been unable to retrieve all the documents he would use as evidence in this case because they were located in a storage facility and have been sold at auction. He further reports that he is involved in other lawsuits including personal bankruptcy and actions related to the possession and sale of his personal property. Plaintiff referred to these matters during the May 15 conference, but with the same lack of detail he now gives. He does not explain whether the images, documents, and recordings he produced are the ones he had been waiting to regain

---

WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[13] Fed. R. Civ. P. 16(b)(4).

[14] *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (internal citation omitted).

[15] *Id.*

possession of, or whether he had them in his possession and simply produced them belatedly. And if he is still awaiting return of his documents, he provides no timeline for when that might occur. Plaintiff also states that he was hospitalized for two days for symptoms that may be related to anxiety, but he gives no dates for his stay.

UPS firmly opposes an extension, pointing out Plaintiff's failure to timely respond to UPS's February 28, 2020 discovery requests, his incomplete and non-compliant belated partial responses that led to the May 15, 2020 conference, his lack of compliance to date with the Court's order to provide complete supplemental responses by June 22, 2020, his alleged failure to show excusable neglect for seeking an extension after the deadline expired, and his alleged failure to show good cause for the extension.

For all the reasons UPS raises, the Court will deny Plaintiff's request to extend the discovery deadline. Plaintiff does not state an intention to propound additional discovery, and the record indicates UPS timely responded to the discovery Plaintiff requested. UPS is not to be faulted for filing this motion, as Plaintiff contends, but instead would have waived its right to seek to enforce the discovery rules that apply equally to all parties.

However, to the extent the Court grants UPS's motion, Plaintiff will be obligated to complete his discovery responses to the requests pending since February without the need for a deadline extension. In addition, all parties retain the responsibility to voluntarily supplement disclosures and discovery responses in a timely manner under Federal Rule of Civil Procedure 26(e)(1)(a).

## B.       Specific discovery issues

Although it was well after the extended deadline, Plaintiff did provide some discovery responses after UPS filed the instant motion. As a result, in its reply UPS modifies its argument

to address Plaintiff's production while maintaining its original waiver argument. UPS contends

that by providing incomplete, contradictory, and evasive answers to seven interrogatories and by

stating objections to four others, Plaintiff has not complied with the Court's May 15 directives.

Although Plaintiff produced many pages, he did not label them or designate them as responsive

to any particular discovery request(s). And Plaintiff has yet to provide any responses to UPS's

Requests for Production, nor has he executed authorizations the Court directed him to sign and

that he agreed to sign. UPS argues that Plaintiff's lack of compliance prejudices UPS because

Plaintiff's belated production came after the close of discovery and after UPS took his

deposition.

The Court agrees that Plaintiff has in large part failed to comply with his discovery

obligations and with the Court's directives of May 15, 2020. As the Court has advised Plaintiff,

as a pro se litigant he must follow rules of procedure, including local rules.[16] But by maintaining

its motion to compel, UPS is asking the Court to order Plaintiff to continue providing discovery,

which the Court will do. While Plaintiff has waived his right to *object* to any of the pending

discovery requests, at this point the Court will not find he has waived his right to *respond* to

those requests or impose consequences. The Court considers below UPS's challenges to

Plaintiff's responses.

### 1.      Interrogatory Nos. 3, 5, 6, and 10

Plaintiff objects to these four interrogatories as irrelevant and exceeding the scope of the

case or highly unlikely to produce information related to the case. UPS contends that during the

May 15 conference, the Court advised Plaintiff these objections were not valid, and that Plaintiff

---

[16] *Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1268–69 (D. Kan. 2007).

has waived his right to reassert the objections. Although the Court considered Plaintiff's objections during the May 15 hearing even though they were untimely, Plaintiff had no right to reassert objections after that point. The Court's allowance of additional time for Plaintiff to supplement his answers did not revive his right to object.[17]  The Court overrules Plaintiff's objections to Interrogatory Nos. 3, 5, 6, and 10 and grants UPS's motion with respect to each. Plaintiff shall provide complete answers under oath.

### 2.      Interrogatory Nos. 1, 7, 8, 12, 13, 16, and 17

Interrogatory No. 1 includes a request for the addresses where Plaintiff has lived since January 1, 2015.[18]  Plaintiff lists two addresses, listing one as his current address. However, at his deposition which took place before he answered this interrogatory, Plaintiff gave the same address as his "current address" but then said he does not live there. Although his deposition testimony is unclear, it appears perhaps he has never lived at that address. Instead, Plaintiff testified he has resided elsewhere for at least two years at an address he does not disclose in his interrogatory answer.[19]  The Court directs Plaintiff to amend his answer to Interrogatory No. 1 to explain the contradiction with his deposition testimony and to provide a full, non-evasive answer.

UPS contends Plaintiff's answer to Interrogatory No. 7, which seeks detailed information about complaints of wrongful workplace practices or actions he has asserted during his

---

[17] *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

[18] The interrogatory included a time period of 10 years, but during the May 15 conference Defendant agreed to narrow the request to 5 years and the Court directed Plaintiff to provide answers for the period January 1, 2015 to the present.

[19] *See* ECF No. 66-2 at 4-6.

employment, is incomplete because it does not include dates and other responsive information. In his answer, Plaintiff states he does not know the dates of the complaints he describes but that he will provide them if his continued research reveals them. The Court finds that portion of the answer sufficient, but directs Plaintiff to supplement it with any newly-acquired information. With respect to the last unfinished sentence, Plaintiff shall complete it.

Interrogatory No. 8 seeks information about allegations of unlawful conduct by or against Plaintiff among co-workers, employers, or fellow employees. The Court discussed this interrogatory with Plaintiff during the May 15 conference and directed him to answer it. His refusal to do so now on the basis that it does not make sense is evasive and contradictory to the Court's direction. Plaintiff shall provide a complete answer.

Interrogatory Nos. 12 and 13 seek the identity of people who Plaintiff claims have relevant knowledge of his claims, the knowledge the identified individuals possess, and any documents that relate to the identified individuals' information or knowledge. Plaintiff identifies several individuals, then states "[t]hese UPS employees are aware of claims made in this case. Plaintiff reserves the right to answer this question further after more discovery has been gathered." As the Court advised Plaintiff during the May 15 conference, his ability to call witnesses at trial likely will be compromised if he does not fully answer these interrogatories. The Court now directs Plaintiff to provide complete answers, including (if appropriate) specifying which of the images/documents and recordings he has produced are responsive to these interrogatories.

Interrogatory Nos. 16 and 17 seek to learn whether Plaintiff possesses documents and recordings of events, conversations, etc. relating to the allegations in Plaintiff's Amended Complaint, and a precise description of each. Plaintiff indicated he has such material and would

produce it. Presumably information responsive to these interrogatories is among the items he produced. Plaintiff shall supplement his answers to describe with specificity how any particular item he has produced is responsive to these interrogatories, and to the extent he has not produced items, he shall supplement his answers with the information sought.

### 3.       Verification of interrogatory answers

Plaintiff has not executed the verification page for any of his interrogatory answers. Plaintiff shall do so.

### C.       Sanctions

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[20] The court must not order payment, however, if the opposing party's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust.[21]

In its motion, UPS requests sanctions against Plaintiff up to and including striking Plaintiff's discovery responses, monetary sanctions, and/or dismissal of some or all of Plaintiff's claims. The Court is taking the request for sanctions under advisement until the deadline has passed for Plaintiff to fully comply with this order and the Court has determined whether a conference is necessary. If the Court finds sanctions are appropriate, the Court will give Plaintiff an opportunity to be heard.

---

[20] Fed. R. Civ. P. 37(a)(5)(A).

[21] Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The rule also provides no such payment shall be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.   Fed. R. Civ. P. 37(a)(5)(A)(i). The Court has found to the contrary.

**IT IS THEREFORE ORDERED THAT** Defendant United Parcel Service, Inc.'s

Motion to Compel Discovery Responses and for Sanctions (ECF No. 57) is **GRANTED.**

**IT IS FURTHER ORDERED THAT** Plaintiff shall provide the supplemental answers

and other information as directed herein and shall fully comply **within twenty-one (21) days of**

**the date of this order.**

**IT IS FURTHER ORDERED THAT** Plaintiff shall execute under oath the verification

page for his Interrogatory answers.

**IT IS FURTHER ORDERED THAT** Plaintiff shall execute the releases provided by

UPS and return them to counsel for UPS **within seven (7) days of the date of this order**.

**IT IS FURTHER ORDERED THAT** counsel for UPS shall file a status report **within**

**twenty-eight (28) days of the date of this order**. The Court will determine whether a

conference is necessary to discuss the issues raised in this order and to re-set case deadlines.

**IT IS SO ORDERED.**

Dated this 24th day of November, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge
