## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANDY T. WILLIAMSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 19-cv-2506-KHV-TJJ |
| ) | |
| **UNITED PARCEL SERVICE, INC.,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |

### <u>ORDER</u>

On November 24, 2020, the Court granted Defendant United Parcel Service, Inc.'s Motion to Compel Discovery Responses and for Sanctions (ECF No. 57).[1] In its Memorandum and Order, the Court also set additional deadlines for Plaintiff to provide overdue supplemental answers and other responsive information, execute under oath the verification page for his Interrogatory answers, and execute the releases provided by Defendant United Parcel Service, Inc. ("UPS") and return them to counsel for UPS. The Court also directed counsel for UPS to file a status report regarding Plaintiff's compliance by December 22, 2020. UPS timely filed its status report,[2] which stated that Plaintiff had not complied with any of the deadlines contained in the Court's November 24 Memorandum and Order, nor had Plaintiff communicated with UPS's counsel in any manner since the Court entered that Memorandum and Order. Based on this information, the Court found sanctions are appropriate and gave Plaintiff an opportunity to be heard. The Court ordered that no later than January 20, 2021, Plaintiff was to file a response showing cause why the undersigned Magistrate Judge should not impose sanctions, which could include a recommendation to District Judge Vratil that she dismiss all of Plaintiff's claims in this

---

[1] *See* ECF No. 67.

[2] ECF No. 68.

action.[3]

Plaintiff timely filed his response.[4] He states that he was confused why sanctions would be imposed after the Court entered its order dated August 11, 2020, which stayed all remaining deadlines pending further order, coupled with UPS's failure to further communicate with him and his ongoing hardship arising from bankruptcy, eviction, and other court cases. He also asks the Court to reconsider its order granting UPS's motion to compel on the grounds that he had produced available discovery and his failures were not intentional. Finally, he asks for a hearing.

Plaintiff has repeatedly failed to comply with his discovery obligations in this case, as evidenced by the record. While the Court appreciates that appearing without counsel is difficult, the Court has afforded Plaintiff much leeway and has impressed upon Plaintiff his obligation to comply with the Federal Rules of Civil Procedure, the rules of this District, and the Court's orders. On May 15, 2020, the Court held a conference with the parties and discussed each of Defendant's discovery requests at issue, in detail, explaining exactly what Plaintiff needed to do to comply with his obligations and with the Court's orders. The Court gave him additional time to respond to discovery over Defendant's objection.[5] The Court again spoke with the parties to provide a ruling when Plaintiff refused to answer questions during his July 20, 2020 deposition.[6] And in the Court's November 24, 2020 Memorandum and Order ruling on Defendant's Motion to Compel—which constitutes the "further order" contemplated by the August 11, 2020 order—

---

[3] *See* ECF No. 69 (text-only order).

[4] *See* ECF No. 70, filed January 20, 2021.

[5] *See* Minute Entry from May 15, 2020 conference (ECF No. 49).

[6] *See* ECF No. 59.

Plaintiff received explicit direction for each interrogatory and request for production at issue. The Court denied Plaintiff's request to extend the already-expired discovery deadline, but with explicit direction allowed Plaintiff yet another opportunity to respond to discovery that Defendant had served on February 28, 2020.[7]

Plaintiff offers no compelling reason why the Court should not impose sanctions. His alleged confusion belies the clear direction of the Court's order granting Defendant's Motion to Compel, much of which was simply repeating the Court's earlier oral rulings. And Plaintiff does not explain why he was awaiting communication from Defendant, or what he expected that communication to be. Although Plaintiff lists the hardships of bankruptcy, eviction, and other court cases without elaboration, he offers no new facts or developments that the Court had not already considered in allowing him additional time to respond to discovery. Finally, his request for the Court to reconsider the order granting Defendant's Motion to Compel is untimely. Plaintiff had 14 days from the date of the Court's November 24, 2020 order to seek reconsideration. His first mention is in his January 20, 2021 response.[8]

Rule 37(a)(5)(A) provides that if a motion to compel is granted, the court must, after giving an opportunity to be heard, require the responding party to pay the movant's reasonable expenses and attorney's fees incurred in making the motion.[9] The court must not order payment, however, if the opposing party's nondisclosure, response, or objection was substantially justified,

---

[7] *See* ECF No. 38.

[8] *See* D. Kan. Rule 7.3(b) (motion to reconsider non-dispositive ruling due 14 days after entry of order).

[9] Fed. R. Civ. P. 37(a)(5)(A).

or if other circumstances make an award of expenses unjust.[10]  Similarly, Rule 37(b)(2) discusses sanctions imposed for failure to comply with a court order to provide discovery, and permits the court to issue further just orders. The Court has considerable discretion when it comes to imposing sanctions under Rule 37(b).[11]

> In determining which sanctions should be imposed, the Court must consider the purposes to be served by the imposition of sanctions. In *White \*1162 v. General Motors Corp., Inc.,* 908 F.2d 675 (10th Cir.1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991), the Tenth Circuit outlined those purposes as including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management.[20] *Id.* at 683. The primary goal of sanctions is to deter misconduct. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 398, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In considering the imposition of sanctions, the Court must consider on a case-by-case basis whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate. *In re Westinghouse Elec. Corp. Uranium Contracts Litig.,* 563 F.2d 992, 997 (10th Cir.1977) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)).[12]

"Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[13]  A court should impose the least severe available sanction that will adequately deter and punish the wrongdoer. "The court's discretion is limited in that

---

[10] Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The rule also provides no such payment shall be awarded if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action.   Fed. R. Civ. P. 37(a)(5)(A)(i). The Court has found to the contrary.

[11] *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642 (1976).

[12] *In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1161–62 (D. Kan. 2000).

[13] *Kindergartners Count, Inc. v. DeMoulin*, 209 F.R.D. 466, 468 (D. Kan. 2002) (quoting *Starbrite Waterproofing Co., Inc. v. AIM Const. & Contracting Corp.,* 164 F.R.D. 378, 381 (S.D.N.Y.1996)).

Fed.R.Civ.P. 37 requires that any sanction be 'just' and that the sanction be specifically related to the particular 'claim' which was at issue in the order to provide discovery."[14] Although there is not an exclusive list from which the Court must choose, thereby reaffirming the necessity of tailoring the sanction to fit the circumstances, the federal rules include the following options. When a party fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection, the court may impose sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Those sanctions include:

    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party; or
    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[15]

UPS requests sanctions against Plaintiff up to and including striking Plaintiff's discovery responses, monetary sanctions, and/or dismissal of some or all of Plaintiff's claims. The record shows that Plaintiff has ignored at least two court-imposed deadlines, missed other discovery deadlines, submitted incomplete answers to interrogatories, failed to execute under oath the verification page for his Interrogatory answers, continued to assert objections the Court has overruled, produced no documents in response to Defendant's First Requests for Production of Documents or documents identified in his Initial Disclosures, failed to sign releases as ordered, and asked for extensions after failing to meet deadlines. This pattern of behavior is unfair to

---

[14] *Kindergartners Count, Inc.*, 209 F.R.D. at 469 (citing *White v. General Motors Corp.,* 908 F.2d 675, 685 (10th Cir.1990)).

[15] Fed. R. Civ. P. 37(d)(3).

Defendant and to other litigants whose cases are delayed when the Court must spend time addressing issues arising from Plaintiff's failure to adhere to rules and orders governing his discovery obligations. Having considered the issue at length, including Plaintiff's response, the Court finds that monetary sanctions are not appropriate. The Court is aware that Defendant has been required to incur attorney's fees and costs in connection with its motion to compel and other efforts to obtain rightful discovery, but the Court does not find that payment of some or all of those expenses by pro se Plaintiff would be the most effective means to an end in this case. Nor will the undersigned Magistrate Judge recommend dismissal of some or all of Plaintiff's claims, even though Plaintiff has been on notice that dismissal was possible. Instead, the Court will impose the least severe sanction designed to effectively address the harm caused by Plaintiff's failure to comply with the rules and with court orders.[16] The issues at hand have been sufficiently discussed and briefed, and no hearing is necessary.

Plaintiff will not be permitted to use as evidence at trial, at a hearing, or on a motion (1) any witness or information he has not disclosed in his original or supplemental Rule 26 initial disclosures, (2) any witness or information he has not disclosed in his answers to UPS's First Set of Interrogatories to Plaintiff, or (3) any documents he did not produce in response to UPS's First Requests for Production of Documents to Plaintiff. Discovery in this case is now closed, and had closed before the Court stayed the remaining unexpired deadlines and settings. The Court

---

[16] While Defendant's Motion to Compel was pending, Plaintiff produced what Defendant describes as "nearly 4,000 total images/pages and 17 recordings totaling more than 11 hours of what appears to be surreptitious recordings of Defendant's employees that allegedly support his claims. These documents and recordings, which are not organized by reference to any response or bates labeled, were received by Defendant after the close of discovery and without any explanation as to how Plaintiff suddenly gained access to this information after claiming since the beginning of this lawsuit that could not access documents or recordings supporting his claims. These were also produced after Plaintiff's deposition." ECF No. 66 at 4. This production, while not identifiably responsive to Defendant's discovery requests, dissuades the Court from imposing a greater sanction.

realizes that the decision to exclude evidence is a drastic sanction, but it is necessary to punish present and deter future litigation abuse by Plaintiff, provide a just result for Defendant, and facilitate case management. Even though Plaintiff is proceeding pro se, he must abide by the same rules as other litigants.[17]

The Court will now re-set the remaining deadlines and settings that had been stayed. The parties' proposed Pretrial Order will be due no later than **February 18, 2021**. The Final Pretrial Conference will be conducted by telephone before Magistrate Judge Teresa J. James on **February 25, 2021, at 10:00 AM**. Counsel and pro se parties shall dial the CONFERENCE LINE at 1-888-363-4749 and enter ACCESS CODE 4901386 to join the conference. The dispositive motions deadline is **March 4, 2021**. A Jury Trial is set for **November 8, 2021 at 09:00 AM** in KC Courtroom 440 before District Judge Kathryn H. Vratil. Estimated trial time is 3-4 days. The Court will not set a mediation deadline. Please refer to the Scheduling Order (ECF No. 22) for further direction regarding these deadlines and settings.

**IT IS SO ORDERED.**

Dated this 28th day of January, 2021, at Kansas City, Kansas.

*/s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[17] *In re Indep. Serv. Organizations Antitrust Litig.*, 85 F. Supp. 2d 1130, 1162 (D. Kan. 2000).